## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 10-B-72521 |
|---|---|---|---|
| DATE | June 16, 2010 | ADVERSARY NO. | |
| CASE TITLE | Green Scene, Inc., Debtor | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Debtor's motion to extend the automatic stay is DENIED.

■[ For further details see text below.]

 

The Debtor, Green Scene, Inc., has moved to extend the Debtor's automatic stay to prevent wage garnishment and other collection proceedings against its CEO and sole shareholder, Robert Dore. The Debtor argues that either such actions violate the Debtor's automatic stay, under Section 362(a), or that the Court should use its equitable powers under Section 105(a) to enjoin the actions against Mr. Dore. The Debtor argues that Mr. Dore is essential to the successful operation and reorganization of the Debtor and that he is irreplaceable, but that without protecting him from the collection efforts against him he will be unable or unwilling to work to reorganize the Debtor. The Debtor believes that, with Mr. Dore's assistance, the company can successfully reorganize. If the company is forced to liquidate now, however, the Debtor's employees will lose their jobs and its creditors will suffer.

As discussed below, the Court finds that it is prohibited from granting the requested relief with respect to the Internal Revenue Service by the Anti-Injunction Act, 26 U.S.C. § 7421(a), and that, on the merits, the Debtor is not entitled to the requested relief with respect to other creditors of Mr. Dore. Therefore, the Debtor's motion is denied in its entirety.

**A. The Anti-Injunction Act**

The IRS has commenced wage levy proceedings against the Debtor, seeking to levy over $170,000 in tax liabilities owing by Mr. Dore. The amounts owing by Mr. Dore are in one part Mr. Dore's ordinary income taxes, and in the other part a 'responsible officer penalty' against Mr. Dore in his capacity as an officer of the Debtor. The 'responsible officer penalty' was imposed under 26 U.S.C. § 6672(a), which provides that "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." The Debtor does not dispute Mr. Dore's liability on the tax obligations, but seeks to enjoin the IRS's efforts to collect the taxes, at least until a plan for the Debtor's reorganization can be formulated. However, the Anti-Injunction Act, 26 U.S.C. § 7421(a), provides, with certain exceptions not relevant here, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

The Seventh Circuit Court of Appeals, in LaSalle Rolling Mills, Inc. v. United States (In re LaSalle Rolling Mills, Inc.), held in almost identical circumstances that a bankruptcy court has no subject matter jurisdiction to enjoin the IRS from assessing or collecting a 'responsible officer penalty' against the officers of a debtor corporation. 832 F.2d 390 (7th Cir. 1987). There, too, the officers in question were the 100% shareholders of the company, and the debtor had argued that if the officers were impaired from devoting their time, effort and resources to the reorganization of the debtor, the reorganization would fail and the debtor's creditors would suffer. Id. at 391-92. The court found that there was no 'bankruptcy exception' in the Anti-Injunction Act, and that "there is no indication in the Bankruptcy Code that Congress intended to supercede the Anti-Injunction Act in cases of this type." Id. at 394. Nor is it relevant for purposes of 26 U.S.C. § 7421(a) whether the relief is sought under Section 362(a) or Section 105(a) of the Bankruptcy Code. Although 26 U.S.C. § 7421(a) makes reference to a "suit," it also applies to make the automatic stay unenforceable against the IRS in circumstances such as these. As Judge Manning stated in Krumhorn v. U.S. (In re Krumhorn), Nos. 00-C-1585, 98-A-1450, 2002 WL 31115607, at *3 n.3 (N.D. Ill. Sept. 23, 2002):

> The court sees no meaningful distinction between an automatic stay and a discretionary stay that would warrant different treatment under the Anti-Injunction Act. To hold that the Anti-Injunction Act prohibits a court from enjoining the IRS from collecting taxes pursuant to a discretionary stay, but does not prevent it from enjoining taxes pursuant to an automatic stay would promote neither the policies of the Anti-Injunction Act nor those of the Bankruptcy Code.

Therefore, the Court is barred from granting the requested relief at least in so far as it would apply to the IRS.

**B. Subject-Matter Jurisdiction to Enjoin Other Creditors of Mr. Dore**

Subject-matter jurisdiction "is so central to [a court's] power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself." Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). Subject matter jurisdiction for bankruptcy courts is provided by 28

U.S.C. § 1334(b), which grants "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Such proceedings may be referred by the district court to the bankruptcy judges for the district under 28 U.S.C. § 157. Under the "arising under" or "arising in" prongs, this Court would clearly have jurisdiction to determine a cause of action under Section 362(a), since it would "depend on a right created or determined by a statutory provision of title 11," and by its very nature would have "no existence outside of the bankruptcy." Nelson v. Welch (In re Repository Techs., Inc.), 601 F.3d 710, 721 (7th Cir. Apr. 12, 2010). However, none of the acts that the Debtor seeks to enjoin are directly against the Debtor or property of the estate, so Section 362(a) does not in itself create a cause of action. Instead, the Debtor argues that the Court should use its equitable powers under Section 105(a) to extend the automatic stay. Several courts have held that "§ 105 does not provide an independent source of federal subject matter jurisdiction." In re Combustion Eng'g, Inc., 391 F.3d 190, 225 (3rd Cir. 2004); see also, Levey v. Sys. Div., Inc. (In re Teknek, LLC), No. 07-C-5229, 2007 WL 4557813, at *7 (N.D. Ill. Dec. 21, 2007) (Pallmeyer, J.); W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.), 386 B.R. 17, 25 (Bankr. D. Del. 2008). Whether a court has subject matter jurisdiction is a distinct question from whether an injunction should issue, "otherwise a bankruptcy court would be required to grant every preliminary injunction motion over which it has jurisdiction." Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.), 502 F.3d 1086, 1096 (9th Cir. 2007). The Supreme Court has not held whether Section 105(a) in itself provides subject matter jurisdiction under the "arising under" or "arising in" prongs of 28 U.S.C. § 1334(b). But, the Court has held that a motion to extend the automatic stay under Section 105(a) is "at least a question 'related to'" a bankruptcy case where the Debtor seeks to stay judgment creditors from executing on a surety bond. Celotex Corp. v. Edwards, 514 U.S. 300, 309 (1995).[1] The Court noted that "it is relevant to note that we are dealing here with a reorganization under Chapter 11, rather than a liquidation under Chapter 7. The jurisdiction of bankruptcy courts may extend more broadly in the former case than in the latter." Id. at 311. Here, the Debtor argues that the actions against Mr. Dore will affect the Debtor's ability to reorganize, and thus affect "the amount of property available for distribution or the allocation of property among creditors." See Home Ins. Co. v. Cooper & Cooper, Ltd., 889 F.2d 746 (7th Cir. 1989). If so, the motion relates to the Debtor's bankruptcy case.[2] Although, as discussed

---

[1] The Court also noted the possibility that such a request for an injunction could give rise to "arising in" or "arising under" jurisdiction, but did not decide the issue. Id. at 311, n. 8 ("We recognize the theoretical possibility of distinguishing between the proceeding to execute on the bond in the Fifth Circuit and the § 105 stay proceeding in the Bankruptcy Court in the Eleventh Circuit. One might argue, technically, that though the proceeding to execute on the bond is "related to" the Title 11 case, the stay proceeding "arises under" Title 11, or "arises in" the Title 11 case.... We need not and do not decide this question here.").

[2] Although the Eleventh Circuit Court of Appeals held in United States v. Huckabee Auto Co., 783 F.2d 1546, 1547 (11th Cir. 1986), that a challenge to a section 6672 tax liability of a nondebtor "is outside the scope of [a] bankruptcy court's jurisdiction," the court's holding was criticized by the Seventh Circuit. In LaSalle Rolling Mills, the Seventh Circuit noted that the 11th Circuit should have based its holding on the Anti-Injunction Act rather than the broader jurisdictional basis. 832 F.2d at 392, n. 6 ("The government [citing Huckabee] essentially contends that the bankruptcy court never has the power to issue orders enjoining actions against corporate principals, even though those actions pose a danger to corporate reorganization. We have sufficient doubts about this broad question, including possibly unforeseen and untoward consequences it could have for bankruptcy administration, that we prefer to rest our decision on the Anti-Injunction Act."). Moreover, Huckabee was decided before Celotex, in which the Supreme Court clearly stated that, at least in some circumstances, a bankruptcy court has jurisdiction to enjoin actions against non-debtors.

below, the Court does not believe that it is appropriate to grant the requested relief in these circumstances, the Court has jurisdiction to decide the issue.[3]

### C. Relief is not Warranted Under the Circumstances

Normally, the "automatic stay does not apply to guarantors, surities, insurers, partners, and other persons liable on the debt." United States v. Wright, 57 F.3d 561, 562 (7th Cir. 1995). However, the stay can be extended to protect third parties where "the debtor and [the] third party have such a similarity of interests that failure to protect the third party will mean that the assets of the debtor itself will fall into jeopardy." Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of the Fox Masonry and Expert Restorations, 140 F.3d 661, 666 (7th Cir. 1998) (citing A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999, 1001 (4th Cir. 1986)). Courts have enjoined actions against nonparties in order to protect a debtor's ability to reorganize, but have recognized that "this form of injunctive relief is considered to be an extraordinary remedy to be granted only when a significant and direct impact on the reorganization proceeding is threatened." United Model Distrib., Inc. v. Ry. Express Agency, Inc. (United Model Distrib., Inc.), No. 91-A-1120, 1992 WL 503595, at *3 (Bankr. N.D. Ill. May 1, 1992) (Schmetterer, J.) (internal citation omitted). The remedy "is only available when the threat to the administration of the Plan is so significant that the creditor is seriously impeding the debtor through action against a third party." Id. Suits against the officers or shareholders of corporate debtors will invariably have some effect on the corporate debtor, by for example taking up time and energy of the officer that could otherwise be devoted to the company, but the general rule is that neither the automatic stay nor the courts will protect such third parties. A court will only extend the automatic stay "if 'unusual circumstances' are present." Charan Trading Corp. v. Uni-Marts, LLC (In re Uni-Marts, LLC), 399 B.R. 400, 416 (Bankr. D. Del. 2009 (citing A.H. Robins, 788 F.2d at 999). Factors that courts have found relevant include: 1) the debtor is contractually obligated to indemnify the principal for the costs and liabilities incurred in connection with the suit to be enjoined, 2) the issues involved in the suit against the nondebtor are so entwined with potential issues in a suit against the debtor that the debtor may have concerns that it might face issue preclusion if it does not participate in the suit against the nondebtor, 3) the suit against the nondebtor includes such onerous discovery that the suit will impose substantial time burdens on the nondebtor, and the nondebtor's efforts are essential to the reorganization of the debtor, and 4) the reorganization plan requires capital infusions by the nondebtor, and the suit will severely impair the nondebtor's ability to raise such funds. See, e.g., Lazarus Burman Assocs. v. Nat'l Westminster Bank USA (In re Lazarus Burman Assocs.), 161 B.R. 891, 898-99 (Bankr. E.D.N.Y. 1993) (citing cases). Here, the Debtor has stressed how important Mr. Dore is to the Debtor and to the Debtor's potential to reorganize, but has not demonstrated how garnishment of Mr. Dore's wages will jeopardize the reorganization. Mr. Dore admitted that he did not believe the Debtor has an obligation to indemnify him for the levied wages, and admitted that at least some of the debt was his alone, including credit card debt and a mortgage on his residence. The Debtor does not argue that its reorganization will require capital infusions by

---

[3] Under Rule 7001(7), a "proceeding to obtain an injunction or other equitable relief" is an "adversary proceeding." Because the Debtor is seeking relief under Section 105(a) instead of Section 362(a) alone, this proceeding should have been brought as an adversary proceeding instead of as a motion. However, a creditor can waive the right to an adversary proceeding. See, e.g., In re Ginther, 427 B.R. 450, 456 (citing In re Pence, 905 F.2d 1107 (7th Cir.1990)). The United States raised this as an objection, but the other creditors did not. It was unclear whether they waived their right to an adversary proceeding, but since the Court will deny the motion on the merits, the Court need not decide the effect of the procedural deficiency.

Mr. Dore. The actions asserted against Mr. Dore are simple levy actions to which he is not even personally a party. There is no indication that he will have to participate in any discovery or mount a legal defense, and Mr. Dore does not dispute his liability for the debts. In fact, the only relevant factor that the Debtor has asserted is that the wage garnishments might make Mr. Dore less willing to work on the reorganization. The Debtor argues that, if Mr. Dore's wages are garnished, he will have no incentive to continue working for the Debtor or working towards its reorganization. Even with respect to this factor, the Debtor has presented no evidence that the garnishments will alter Mr. Dore's incentives or behavior. Although some of Mr. Dore's income might be garnished, he acknowledged that he would not lose all of his income. Potential garnishment by other creditors is limited by Illinois and Federal law. Under 15 U.S.C. § 1673, the maximum amount of wages subject to garnishment in the aggregate is the lesser of 25% of the judgment debtor's disposable weekly earnings and 30 times the excess of the debtor's disposable weekly earnings over the minimum hourly wage under federal law. See, e.g. Com. Edison v. Denson, 494 N.E.2d 1186, 1189 (Ill. Ct. App. 1986). Therefore, it is not true that he would have no incentive to continue working, since he will still receive as much as 75% of his wages. Although the garnishment actions by the IRS would not be limited by 15 U.S.C. §1673, this Court has no authority to enjoin the IRS. Nor was it explained how garnishment would cause him to quit working or change jobs. Working at a different company would not prevent his new wages from being garnished, so there would not be an incentive to change jobs. If it was proper to extend the automatic stay in these circumstances, the automatic stay could be extended to officers or directors of all corporate debtors, which "stretches beyond the purpose and intent of Chapter 11 and, indeed, the Code itself." In re United Model Distributors, 1992 WL 503595, at *6 (internal citations omitted). As Judge Schmetterer has stated,

> § 105 of the Bankruptcy Code is not intended to create a protective cocoon around the officers and principals of corporate debtors. Injunctions to protect non-debtors are only issued when the harm to the debtor is very clear. Thus, the effort to collect against the non-debtor must significantly harm debtor's ability to finance its reorganization or cause a massive drain on management time or energy at a critical time. The mere fact that collection efforts are causing or may cause a corporate officer anguish or expense is not enough to justify issuing an injunction under § 105.

Id. The Debtor has not demonstrated that the circumstances warrant extending the automatic stay.

**Conclusion**

For the foregoing reasons, the Debtor's motion to extend the automatic stay is DENIED. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

June 16, 2010

Judge Manuel Barbosa

Case 10-72521    Doc 44    Filed 06/16/10    Entered 06/17/10 11:20:07    Desc Main
          Document      Page 6 of 6

6 of 6

Judge Manuel Barbosa